USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 92-2225 ACTION FOR CHILDREN'S TELEVISION, Petitioner, v. FEDERAL COMMUNICATIONS COMMISSION, ET AL., Respondents. ____________________ COALITION ON SMOKING OR HEALTH, Intervenor. ____________________ ON PETITION FOR REVIEW OF AN ORDER OF THE FEDERAL COMMUNICATIONS COMMISSION ____________________ Before Boudin, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Sharon L. Webber with whom Angela J. Campbell and Henry Geller _________________ ___________________ ____________ were on brief for petitioner and intervenor. C. Grey Pash, Jr., Counsel, Federal Communications Commission, __________________ with whom Renee Licht, Acting General Counsel, Federal Communications ___________ Commission, Daniel M. Armstrong, Associate General Counsel, Federal ___________________ Communications Commission, Robert B. Nicholson, Attorney, United _____________________ States Department of Justice, and Marion L. Jetton, Attorney, United _________________ States Department of Justice, were on brief for respondents. ____________________ July 22, 1993 ____________________ BOUDIN, Circuit Judge. Action for Children's Television _____________ ("ACT") petitions for review of the decision of the Federal Communications Commission denying ACT's request that the FCC take action to combat "hidden commercials" on television that promote smoking. We deny the petition. In 1966, acting on a private citizen petition, the FCC required broadcasters, under the "fairness doctrine," to air anti-smoking messages in response to advertisements by cigarette companies. See Banzhaf v. FCC, 405 F.2d 1082 (D.C. ___ ______________ Cir. 1968), cert. denied, 396 U.S. 842 (1969).1 In 1969, _____ ______ Congress enacted the Cigarette Labeling and Advertising Act ("the Cigarette Act"), 15 U.S.C. 1331 et seq., which __ ___ pertinently provided that "it shall be unlawful to advertise cigarettes or little cigars over any medium of electronic communication subject to the jurisdiction of the Federal Communications Commission." 15 U.S.C. 1335. In 1970, an organization called Action on Smoking and Health ("ASH") petitioned the FCC to require broadcasters to continue to air anti-smoking messages, despite the prohibition contained in the Cigarette Act, partly on the ground that the cigarette industry was using "hidden ____________________ 1The fairness doctrine was an FCC rule requiring broadcasters to air contrasting views when controversial issues were addressed. See Red Lion Broadcasting Co. v. FCC, ___ ________________________________ 395 U.S. 367 (1968). The rule was abandoned by the Commission in August 1987. See Syracuse Peace Council v. ___ ___________________________ FCC, 867 F.2d 654 (D.C. Cir. 1989), cert. denied, 493 U.S. ___ _____ ______ 1019 (1990). -2- -2- commercials" to circumvent the Act. The quoted phrase, as ACT uses it, refers to cigarette company sponsorship of sporting events during which the cigarette brand name or logo is displayed on signs or banners, which in turn are broadcast during televised coverage of these events, such as the Marlboro Grand Prix auto race and the Virginia Slims tennis tournament. The FCC denied the ASH request. The agency said that it found no hard evidence of the use of "hidden commercials" by the cigarette industry, and concluded that "if such abuses do occur . . . , the appropriate action in such an eventuality would be to secure full and effective compliance with the 1969 law, and not to deal with it by offsetting anti-smoking messages." Formulation of ________________ Appropriate Further Regulatory Policies Concerning Cigarette _____________________________________________________________ Advertising and Antismoking Presentations, 27 F.C.C.2d 453, __________________________________________ 458 n.5 (1970). In 1990, ACT filed with the FCC the petition at issue in this case. ACT claimed that there is now indisputable evidence that the cigarette industry is using "hidden commercials." According to the petition the Department of Justice has never initiated any enforcement proceedings under the Cigarette Act and therefore appears to have concluded that hidden commercials do not violate the statute, creating the need for FCC action. ACT requested the FCC to issue a "declaratory ruling" requiring licensees to air anti-smoking -3- -3- messages to offset the harm caused by the hidden advertising. Because the fairness doctrine was no longer in existence, ACT relied on the "public interest standard" set forth in the Communications Act of 1934 to govern the regulation and licensing of broadcasters. 47 U.S.C. 303; see also id. ___ ____ __ 307(a), 309(a), 310(d). ACT's petition was denied by the Commission in August 1992. In re Petition For Declaratory Relief Regarding Anti- ______________________________________________________ Smoking Messages Filed by Action for Children's Television, 7 __________________________________________________________ F.C.C.R. 5466 (1992). The FCC said that this issue had been raised and resolved in the 1970 proceedings brought by ASH, and that ACT had presented nothing new. The Commission stated that it "continue[d] to believe that the Cigarette Act itself is properly looked to as defining both the conduct that is prohibited [with respect to cigarette advertising] and the remedies that are available to redress violations." Id. It is undisputed that the Department of Justice, not the __ FCC, is exclusively charged with enforcing the provisions of the Cigarette Act. See 15 U.S.C. 1339. ACT now petitions ___ this court for review.2 ____________________ 2It appears that ACT, which had been a Massachusetts corporation, was formally dissolved as of December 31, 1992, after its petition was filed in this court. By letter, the FCC says that ACT's dissolution "raises the question whether it continues to be a party aggrieved" by the FCC's action. In response ACT points out that under Massachusetts law, a dissolved corporation "shall nevertheless be continued as a body corporate for three years . . . for the purpose of prosecuting or defending suits by or against it." Mass. G.L. -4- -4- An agency's decision not to undertake a new project, ___ regulation, or enforcement action has been treated by courts as a somewhat unusual animal in the menagerie of agency actions that may be presented for judicial review. Of course, where there is a statutory obligation on the agency to take a relatively specific action, a court might easily conclude that it had both a standard to apply to a shirking agency and a duty to enforce the standard. More often, agencies make decisions not to act under rather broad statutory standards or, as is typically true of enforcement actions, under a general mandate to enforce the law. In such cases courts have been reluctant to second-guess agencies when they decline to act. In some areas, paralleling prosecutorial decisions not to seek indictment, courts are reluctant to intervene at all; in others, they have recognized great discretion in the agency when it declines to act and required only minimal justification. See ___ Heckler v. Chaney, 470 U.S. 821 (1985); United Church of _______ ______ _________________ Christ v. FCC, 911 F.2d 813 (D.C. Cir. 1990). As the circuit ______ ___ most experienced in these matters said in another case, ____________________ ch. 155, 51; see also City Communications, Inc. v. Detroit, ________ ____________________________________ 888 F.2d 1081, 1086-87 (6th Cir. 1989) (looking to state corporate law to determine standing of dissolved corporation). Given the statute coupled with the FCC's posture on the issue, we think that denial of the petition on the merits is the proper course. -5- -5- Natural Resources Defense Council, Inc. v. SEC, 606 F.2d __________________________________________________ 1031, 1046 (D.C. Cir. 1979) (citations omitted): An agency's discretionary decision not to regulate ___ a given activity is inevitably based, in large measure, on factors not inherently susceptible to judicial resolution -- e.g., internal management ____ considerations as to budget and personnel; evaluations of its own competence; weighing of competing policies within a broad statutory framework. This court has made similar observations, see, e.g., ___ ____ Ward v. Skinner, 943 F.2d 157, 161 (1st Cir. 1991), and the _______________ standard of deference thus adopted controls this case. We need not conclude that the FCC's refusal to undertake a rule- making is automatically immune from judicial review, no matter how egregious the occasion or how troubling the agency's explanation. Here, the FCC's explanation is quite rational. In sum, the agency ruled that Congress provided a general ban on television cigarette advertising as part of a "comprehensive" federal program, 15 U.S.C. 1331, and, if the ban is being infringed at the margins, Department of Justice enforcement is the preferable course. Given the FCC's broad discretion as to how to deploy its limited resources, this is an adequate explanation. ACT says that the explanation is faulty to the extent that hidden commercials are a "loophole" in the law and thus -6- -6- beyond the reach of the Department of Justice.3 Even if this were so, it would not make the FCC's position unreasonable. Instead, it could rationally leave to Congress the task of adjusting the balance it struck in its "comprehensive" statute. Plugging loopholes might also be a ____ rational goal for the agency (we have no occasion here to consider preemption arguments); but agency resources are limited and selecting which rational goals to pursue is part of the agency's function. There is even less to ACT's alternative criticism that the FCC's decision in this case is inconsistent with its reasoning in its earlier decision declining to act on ASH's petition. ACT argues that the FCC there declined to act because it found a lack of evidence that hidden commercials were a significant problem and, ACT says, it has now provided the missing evidence. But the FCC went on to say in the ASH ___ case that, if the problem proved real, the solution would be "to secure full and effective compliance with the 1969 law, and not to deal with it by offsetting anti-smoking messages." 27 F.C.C.2d at 458 n.5. There is no inconsistency. The petition for review is denied. ______ ____________________ 3There is in fact some indication that the Department of Justice has taken the view that hidden commercials violate the statute and has written to cigarette companies and broadcasters warning them of its position. Whether or not this is the Department's present view is not material. -7- -7-